```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
Sebastian Lozada,

                Petitioner,

        -against-                          10 Civ. 3222 (DAB)
                                           ORDER
William Brown, Superintendent,
Eastern Correctional Facility,

                Respondent.
---------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Frank Maas dated December 4, 2014 as to the Petition for a Writ of Habeas Corpus filed by Sebastian Lozada ("Petitioner"). Judge Maas recommends that the Petition be denied, and Petitioner has filed timely Objections. For the reasons that follow, and having conducted the appropriate level of review of Petitioner's Objections, the Court ADOPTS Magistrate Judge Maas's Report in its entirety. Accordingly, the Petition for a Writ of Habeas Corpus is DENIED.

I. **Background**

The facts in this matter are set forth in detail in Judge Maas's Report and consequently will not be restated here. Petitioner filed a timely Objection ("Obj.") to the Report on January 15, 2015. (ECF No. 13.)

II. <u>Legal Standard for Objections</u>

"Within fourteen days after being served with a copy [of a magistrate judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); <u>accord</u> 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the Report to which no timely objection has been made, as long as there is no clear error on the face of the record. <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>DiPilato</u>, 662 F. Supp. 2d at 339 (internal quotation marks omitted); <u>see also</u> <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks

2

omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, No. 09 Civ. 1651 (CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (internal quotation marks omitted).

### III. Objections

Petitioner objects to the Report on two grounds. First, he argues that the Report erroneously concludes that his appellate attorney was not ineffective for failing to raise a right to counsel of choice claim on appeal. (Obj. 1-2.) Second, Petitioner objects to the Report's conclusion that his claims of deficient performance by trial counsel lack

3

merit, and that appellate counsel was accordingly not ineffective for failing to raise those claims as grounds for ineffective assistance of trial counsel in Petitioner's direct appeal. (Id. 2-6.)

    a.    Right to Counsel of Choice

Petitioner first objects to the Report's conclusion that appellate counsel "cannot be faulted" for failing to raise a right to counsel of choice claim in his initial brief on direct appeal because Petitioner's first trial counsel was not "fully prepared to proceed" at the time he was relieved by the trial judge. (Report at 24); see People v. Knowles, 88 N.Y.2d 763, 767 (1996). Petitioner contends that the Report's conclusion is "not representative of the facts." (Obj. 2.) However, in support Petitioner merely restates his version of the facts: that his trial counsel had scheduled a vacation around the original trial date, which was adjourned at the request of the prosecutor, and should have been allowed "the same courtesy of an adjournment" instead of being relieved. (Id.) Petitioner presented the same arguments to Judge Maas, and the Court accordingly reviews the Report for clear error. Howell, 2010 WL 930981, at *1; (see Pet. 20-24). The Court finds no such

4

error in the Report's conclusion that, in light of Petitioner's counsel's unavailability and the trial judge's upcoming assignment in another county, the denial of a further adjournment arguably fell within the discretion of the trial judge to manage his trial calendar. (See Report at 24-25.)

### b. Ineffective Assistance of Counsel

Petitioner next raises a series of Objections related to the performance of his trial counsel. The Report considered at length Petitioner's contention that appellate counsel was deficient because he failed on direct appeal to raise a series of alleged errors made by trial counsel, and concluded that none of the alleged errors warranted relief. (Report at 26-41.) Petitioner Objects to the Report's analysis and conclusion on the following two grounds.

First, Petitioner Objects to the Report's conclusions regarding trial counsel's failure to object to statements Petitioner made after allegedly invoking his right to silence during a police interview, and appellate counsel's failure to raise this issue on appeal. (Obj. 3-5.) Petitioner argues that, after receiving his Miranda warnings on September 23, 2004, he invoked his right to silence by

5

refusing to answer further questions. As a result, he argues, Detective Kinne should not have been permitted to testify at trial that Lozada laughed in response to a question about his involvement in the drive-by shooting, and appellate counsel's failure to raise this issue on appeal rendered him ineffective. (Id.)

Petitioner's Objection bears little resemblance to the record. Relying on the transcript of Petitioner's pretrial Huntley hearing, the Report concluded that Petitioner was provided with Miranda warnings and proceeded to waive his rights. (Report at 27.) The Report also noted that the trial judge concluded that Petitioner did not request an attorney or seek to terminate the interview. (Id.; see also Tr. at 62 ("[A]t no time did [Petitioner] indicate he wished to stop speaking to the detective.").) Thus, Petitioner's conclusory assertion that "the record is clear" concerning his invocation of the right to silence is belied by the record and, even construing his pro se submission to make the strongest argument it suggests, Petitioner is "relitigating a prior argument" previously made to Judge Maas. Howell, 2010 WL 930981, at *1; (see Pet. 25-26). Accordingly, the Court has reviewed that portion of the Report for clear error; it finds none.

Moreover, to the extent Petitioner relies on Michigan v. Mosley, 423 U.S. 96 (1975), such reliance is misplaced. There is no support in the record for Petitioner's argument that he was lured to the station "under the guise of figuring out how [he] obtained the bruises on his abdomen," Obj. 4, nor (as Petitioner suggests) do the Report's factual findings lend support to such a theory. (See Report at 4 ("Lozada showed Detective Kinne some abdominal bruises and agreed to be questioned further at the Liberty Police Station.").) Indeed, Detective Kinne testified that the fight and the shooting were related and his investigation encompassed both. (Tr. at 59.) Accordingly, Mosley is inapposite.

Petitioner's second Objection is that the Report, which found a degree of merit in certain of Petitioner's arguments, should have engaged in a cumulative error analysis and concluded that trial counsel's errors prejudiced Petitioner on that basis. (Obj. 5-6.) The Report credited, to varying degrees, three arguments made by Petitioner: that trial counsel failed to object to testimony concerning uncharged crimes, Report at 30-31; that trial counsel failed to object to inflammatory remarks made by the prosecutor in summation, id. at 33-35; and that trial

7

counsel should have requested a jury charge on accomplice liability, id. at 28-29.

Petitioner, however, fails to articulate how the alleged errors accumulated to prejudice at trial, even under a cumulative error analysis. In fact, although the Report found a degree of merit in each alleged error, it also concluded that two of the alleged errors resulted in no prejudice to Petitioner. (See Report at 30-31 (while an objection by trial counsel to testimony concerning an uncharged drug sale involving Petitioner may have been sustained, trial counsel's evident strategic decision to instead use the witness's attempt to purchase drugs from Petitioner to impeach his credibility as an eyewitness was reasonable); id. at 28-29 (although Petitioner "might well have been entitled to an accomplice liability charge," he cannot demonstrate prejudice because there was "ample corroborating evidence").) Those alleged errors accordingly have no impact in a cumulative error analysis.

As to the third alleged error, the Court agrees with the Report that several of the prosecutor's statements on summation "would better have been left unsaid." (Report at 35.) However, it is equally clear that the comments were not so extreme or injurious as to alter the course of an

otherwise fair proceeding in any significant way, particularly in light of the "extensive evidence" implicating Petitioner in the crime. (Id.) The Court need go no further, as Petitioner's Objection fails to explain why or how the prosecutor's statements, or the alleged errors taken together, resulted in prejudice during his trial.

IV. Portions to Which Neither Party Has Objected

The Court may apply a clear error standard of review to those portions of a Report and Recommendation to which neither Party has timely objected. DiPilato, 662 F. Supp. 2d at 339. Having found no clear error, the Court adopts those parts of the Report to which no timely Objection has been made.

V. Conclusion

Having conducted the appropriate levels of review of the Report of United States Magistrate Judge Frank Maas dated December 4, 2014, the Court APPROVES, ADOPTS, and RATIFIES the Report in its entirety. Accordingly, the Petition for a Writ of Habeas Corpus is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be

taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

    Dated:   New York, New York
                 February 19, 2016

_____
Deborah A. Batts
United States District Judge